UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CIARA WILLIAMS | CIVIL ACTION NO. |
| VERSUS | DISTRICT JUDGE: |
| UNITED STATES FIRE INSURANCE COMPANY, COWAN SYSTEMS, LLC, AND LORENZO LOCKETT | MAGISTRATE JUDGE: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

Defendants, United States Fire Insurance Company, Cowan Systems, LLC, and Lorenzo Lockett ("Defendants"), hereby removes the action captioned "Ciara Williams v. United States Fire Insurance Company, et al." bearing docket number 2018-5666, Division "I" on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. In support of this Notice of Removal, Home Depot pleads the following grounds:

## BACKGROUND

I.

On June 7, 2018 this civil action was filed by plaintiff, Ciara Williams ("Plaintiff"), in the Civil District Court for the Parish of Orleans, State of Louisiana, bearing docket number 2018-5666, Division "I." On July 11, 2018, plaintiff filed a First Supplemental and Amending Petition for Damages amending the original Petition to substitute Great American Insurance Company with United Sates Fire Insurance Company, as the properly named defendant. Great American Insurance Company was dismissed from the captioned matter on July 25, 2018. *See* Affidavit of Counsel, attached hereto as **Exhibit A**, **Exhibit A-**1, Petition for Damages and **Exhibit A-2**, First Supplemental and Amending Petition for Damages, attached hereto.

II.

In Plaintiff's Petitions, it is alleged that on June 8, 2017, plaintiff and several guest passengers were traveling Westbound on Interstate 10 in New Orleans, Louisiana when Plaintiff was involved in a motor vehicle accident and as a result of the accident she sustained injuries. *See generally*, **Exhibit A-1**, Petition for Damages. ¶4 and **Exhibit A-2**, First Supplemental and Amending Petition for Damages. ¶4

III.

Plaintiff alleges in her Petitions that she is, at the time of the filing of this action, a resident, domiciliary, and citizen of the State of Louisiana. *See generally*, **Exhibit A-1**, Petition for Damages and **Exhibit A-2**, First Supplemental and Amending Petition for Damages.

IV.

Defendant, United Sates Fire Insurance Company, was at the time of the filing of this action and still is, a foreign entity incorporated under the laws of Delaware, with its principal place of business in Morristown, New Jersey.  Thus, United States Fire Insurance Company is a citizen of the states of Delaware and New Jersey. *See* **Exhibit A,** Affidavit of Counsel.

V.

Defendant, Cowan Systems, LLC, was at the time of the filing of this action and still is, a foreign entity incorporated under the laws of Maryland, with its principal place of business in Baltimore, Maryland.  Thus, Cowan Systems, LLC is a citizen of the state of Maryland.  *See* **Exhibit A,** Affidavit of Counsel.

VI.

Defendant, Lorenzo Lockett, was at the time of the filing of this action and still is, a resident, domiciliary, and citizen of the State of Florida. *See* **Exhibit A,** Affidavit of Counsel.

VII.

The Original, First Supplemental and Amending Petitions and Citation were served on Cowan Systems, LLC and Lorenzo Lockett through their counsel of record on August 29, 2018. *See* **Exhibit A,** Affidavit of Counsel.

VIII.

The Original, First Supplemental and Amending Petitions and Citation were served on United States Fire Insurance Company through the Louisiana Secretary of State on September 11, 2018. *See* **Exhibit A,** Affidavit of Counsel.

IX.

In the Original and Amended Petitions, Plaintiff does not specify the nature or extent of her alleged injuries or the treatment necessitated by same. In the petitions, Plaintiff simply alleges that she "suffered severe injuries to the muscles, ligaments, tendons, blood vessels, nerves and other soft tissues structures of the cervical, lumbar and thoracic regions of the spine, injuries to the nervous system and psyche; aggravation, precipitation and/or the exacerbation of prior existing non-deliberating predispositions, and including without limitation, normal degenerative changes." *See* **Exhibit A-1**, Petition for Damages, ¶ 6 and **Exhibit A-2** First Supplemental and Amended Petition, ¶ 4.

X.

As a result of these alleged injuries, Plaintiff claims she is entitled to recover damages for severe physical pain and suffering; mental and emotional anguish and distress, medical expenses, past, present and future lost wages and past, present and future loss of earning capacity. *See* **Exhibit A-1**, Petition for Damages, ¶ 7 and **Exhibit A-2** First Supplemental and Amended Petition, ¶ 4.

XI.

On November 26, 2018, undersigned received discovery responses from Plaintiff.  *See* **Exhibit A**, Affidavit of Counsel.  In her discovery responses, Plaintiff reference her medical records medical records for further explanation regarding plaintiff's alleged injuries, symptoms, complaints and treatment.  *See* **Exhibit B,** Plaintiff's Discovery Responses, Interrogatory No. 19.

XII.

In the document production produced with discovery responses, received by undersigned on November 26, 2018, Plaintiff produced medical records, evidencing treatment for her post-accident complaints.  Specifically, Plaintiff provided records indicating that she had cervical and lumbar MRIs on July 25, 2017.  Plaintiff's Neurosurgeon reviewed her MRIs and SPECT Study and noted herniated discs at C4-5 and C5-6 and a slight bulge at L5-S1 with hotspots across C4, C5, and C6.  *See* **Exhibit C-1**, September 18, 2017, One Spine Institute Treatment Records.  Plaintiff underwent her first cervical epidural injection on October 19, 2017.  *See* **Exhibit C-2**, October 19, 2017, One Spine Institute Treatment Records.  On October 27, 2017, Plaintiff was recommended to undergo another cervical epidural steroid injection.  *See* **Exhibit C-3,** October 27, 2017, One Spine Institute Treatment Records.  On March 14, 2018, Plaintiff underwent a second cervical epidural steroid.  *See* **Exhibit C-4,** March 14, 2018, Lonseth Interventional Pain Center Procedure Report.  Further, Plaintiff underwent a third cervical epidural steroid injection on May 16, 2018 and was recommended to undergo a lumbar medial branch block after treatment of the cervical spine.  *See* **Exhibit C-5**, May 16, 2018 Lonseth Interventional Pain Center Procedure Report.  On August 8, 2018, Plaintiff underwent a cervical medial branch block done bilaterally at C4, C5 and C6.  *See* **Exhibit C-6,** August 8, 2018, Lonseth Interventional Pain Center Procedure Report.  On September 9, 2018, Plaintiff had a bilateral cervical radiofrequency ablation procedure performed.  *See* **Exhibit C-7**, September 9, 2019, Dr. Aust Interventional Pain Medical records.  Plaintiff's discovery responses noted that Plaintiff is still

receiving treatment. *See* **Exhibit B**, Plaintiff's Discovery Responses, Interrogatory No. 19 and Request for Production No. 9.

XIII.

Also, on November 26, 2018, Plaintiff produced for the first-time medical bills totaling $40,550 through August 8, 2018. The medical expense tabulation provided by Plaintiff does not reflect ongoing treatment or medical bills from Dr. Aust Interventional Pain. See Exhibit C-8, Total Related Medical Expenses provided by Plaintiff; *see also* **Exhibit A**, Affidavit of Counsel.

XIV.

Plaintiff's cervical medial branch block, in conjunction with other medical procedures, and her tabulated medical bills, place the amount in controversy in excess of $75,000 and warrants the exercise of federal jurisdiction. *See* **Exhibit A**, Affidavit of Counsel.

XV.

This is a civil action within the original jurisdiction of this Court under the provisions of 28 U.S.C. § 1332 and is thus removable to this Court pursuant to the provisions of 28 U.S.C. §1441, *et seq.*, because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

XVI.

In compliance with 28 U.S.C §1446(a), a copy of all process, pleadings and orders served upon Defendants to date in state court have been requested and will be promptly filed into the Court's record upon receipt thereof.

XVII.

In compliance with the requirements of 28 U.S.C. § 1446(b)(1), this notice of removal is filed "within 30 days after the receipt by the defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

XIX.

As noted above, Defendants were first placed on notice that the amount in controversy exceeds $75,000, exclusive of interests and costs, was on November 26, 2018, upon receipt of Plaintiff's discovery responses, past medical expense tabulation and medical records. *See* **Exhibit A**, Affidavit of Counsel.

XX.

In compliance with 28 U.S.C. §1446 (d), Defendants hereby certify that this notice of removal is being served contemporaneously herewith to all adverse parties, and to the Clerk of Court of the Civil District Court for the Parish of Orleans, State of Louisiana.

**WHEREFORE**, Defendants, United States Fire Insurance Company, Cowan Systems, LLC, and Lorenzo Lockett, pray that this cause be removed from the Civil District Court for the Parish of Orleans, State of Louisiana, to this Honorable Court, to proceed thereafter in the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,
   /s/ *M. Davis Ready*
M. Davis Ready, T.A. (Bar No. 24616)
David M. Schroeter (Bar No. 36009)
Lacresha D. Wilkerson (Bar No. 36084)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163
Telephone: (504) 569-2030
Facsimile: (504) 569-2999
E-Mail: davisr@spsr-law.com
         davids@spsr-law.com
         lacreshaw@spsr-law.com
**Attorneys for Defendant, United States Fire Insurance Company, Cowan Systems, LLC, and Lorenzo Lockett**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading was sent by electronic and U.S. mail to all known attorneys of record as listed below this **19th** day of **December**, 2018.

Vanessa Motta
MOTTA LAW FIRM, LLC
525 Clay Street
Kenner, LA 70062
Vanessa@mottalaw.com

/s/ *M. Davis Ready*