UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CIARA WILLIAMS | * | CIVIL ACTION NO. 18-14000 |
| | * | |
| | * | SECTION: "M"(1) |
| VERSUS | * | |
| | * | JUDGE BARRY W. ASHE |
| UNITED STATES FIRE INSURANCE CO., ET AL. | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the Motion for Leave to File Supplemental and Amending Answer. (Rec. Doc. 16). For the following reasons, the Motion is GRANTED in part and DENIED in part; within seven days, Defendants shall file their Amended Answer into the record without their proposed Tenth Defense.

Background

This case arises out of a motor vehicle collision that allegedly occurred on June 8, 2017. On that date, plaintiff Ciara Williams alleges that she was traveling with guest passengers in a 2017 Ford 350 and headed Westbound on Interstate 10. She says a commercial 18-wheeler owned by Cowan Systems, Inc. ("Cowan"), and driven by its employee Lorenzo Lockett, forcefully switched lanes and came into Williams' lane of travel with full impact, violently slamming into the side of her vehicle. She says the impact caused her to be tossed about her vehicle, resulting in severe injuries to the soft tissue of her spine, her nervous system, and her psyche. She alleges she has suffered physical pain and suffering and mental and emotional anguish. She alleges she has incurred medical expenses; that she has lost past, present, and future wages; and that her earning capacity has been diminished. She alleges that she has been handicapped in her normal activities.

1

Williams filed a Petition for Damages on June 7, 2018, in Louisiana state court against Cowan, Lockett, and Great American Insurance Company. She later amended her petition to substitute United States Fire Insurance Company ("USFIC") for Great American Insurance Company. In August 2018, Cowan, Locke, and USFIC (together, "Defendants") filed an answer and denied all of Williams' allegations except to admit that she was operating a 2017 Ford 350 at the time of the incident and that Lockett was operating a vehicle on behalf of Cowan at the time of the incident. Defendants also asserted defenses, including that Williams' injuries were not caused by the incident (Fourth Defense); that Williams' injuries were a result of her contributory negligence (Sixth Defense); and that the alleged accident and injuries were the result of the negligence of Williams or third parties (Seventh Defense). Defendants served Williams with discovery requests, and they say that the medical records and bills they received in response indicated that the amount in controversy is in excess of $75,000. Defendants removed the action to this court on December 19, 2018.

A scheduling order was issued and trial is set to begin on July 27, 2020. The deadline to complete discovery is March 27, 2020. The deadline to amend pleadings was July 8, 2019. On that date, the Defendants filed the present Motion for Leave to File Supplemental and Amending Answer. They report that they recently took the discovery deposition of Williams and determined that the facts of the incident at issue are similar to numerous other trucking incidents occurring in 2017. They note that the attorneys representing the remaining 12 occupants of the Ford 350 van in related lawsuits have withdrawn from their representation of the passengers. They seek to amend their Seventh Defense to add that the negligence of Williams and/or third parties are the sole and proximate cause of the accident by intentionally causing the collision, purposefully sideswiping the Cowan trailer, and an improper lane change. They also seek to add a Tenth Defense to allege

the "affirmative defense of fraud," alleging that the accident was caused by the intentional acts of Williams. In support of this defense, they allege that the accident "fits a pattern of more than 64 other known accidents that occurred on I-10 or I-510/I-610 in the New Orleans East area . . . ." The similarities are alleged to be as follows: the driver of the passenger van claimed the tractor-trailer was changing lanes; there was an impact to the rear end of the eighteen-wheeler; the collision involved side contact closer to the rear of the trailer and across the front end into the back panel of the passenger van; the driver of the passenger van did not lose control; a third vehicle is involved either appearing on the scene immediately thereafter or flagging down the truck driver; the trucking incident occurred along the I-10 corridor in New Orleans East; and "[r]elationships and contacts between the driver and occupants of the instant accident and other similar accidents."

Williams opposes the motion. She primarily argues that the motion should be denied[1] because the fraud defense fails to meet the pleading standard of Federal Rules of Civil Procedure 8 and 9. Essentially, she argues that the Court should deny leave to file the amended answer because the proposed pleadings would be futile. She argues that there is nothing suspicious about a sideswipe accident with an 18-wheeler because this is a common accident on an Interstate where there are no intersections. She cites local news articles reporting that street lights along I-10 near Morrison Road were completely or partially off and that this was contributing to accidents. She submits that defendants have failed to allege with particularity the who, what, when, where, and how of the alleged fraud. She points out that defendants refer only vaguely to her relationships with other similar accidents. She argues that even if she is Facebook friends with some of the people involved in the "64 accidents" generically referenced by the defendants, this alone should

---

[1] Williams seems to argue that the motion for leave to amend should be denied and that the amended answer should be "dismissed with prejudice." The proposed amended answer cannot be dismissed with prejudice before it is in the record. Moreover, once it is entered into the record, the proper mechanism to challenge the sufficiency of the defenses would be by filing a motion to strike under Rule 12(f).

3

not give rise to the inference of fraud. In attempting to explain her relationship to the other passengers in the Ford 350 van, Williams explains that on the day of the accident as a kind gesture she offered to transport the other passengers in the van to a casino. She set three locations for pickup. She says she did not obtain any payment except for gas money. Williams argues that defendants' allegations harm her reputation. She insists the pleading is nothing more than a fishing expedition. She points out that Judge Vance in <u>Thomas v. Chambers</u>, held that a fraud claim against alleged car accident victims was not legally cognizable because defendants could not allege justifiable reliance on the alleged fraudulent misrepresentations. Civ. A. No. 18-4373, Order and Reasons, ECF # 20 (E.D. La. Feb. 7, 2019). Williams also complains that defendants improperly invoke the withdrawal of the attorney for the other passengers from representation as support for their amended answer. Williams represents that the other attorney withdrew due to health issues.

<u>Law and Analysis</u>

1. *Standard for Pleading Amendments*

Pursuant to Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." <u>Smith v. EMC Corp.</u>, 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." <u>Yumilicious Franchise, L.L.C. v. Barrie</u>, 819 F.3d 170, 177 (5th Cir. 2016) (quoting <u>Schiller v. Physicians Res. Grp. Inc.</u>, 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part

4

of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller, 342 F.3d at 566.

Because defendants sought leave to file their amended answer and counterclaim within the court ordered deadline for such amendments, Rule 15 applies here. The proposed amendment can only be denied for a substantial reason. Williams does not argue that defendants have unduly delayed filing the amendment or that she would suffer undue prejudice if the amendment was allowed. Indeed, trial is not until June 2020 and the parties have until the end of March 2020 to complete discovery. And Williams has been on notice since August 2018 of Defendants' intent to argue that her injuries were not caused by the incident (Fourth Defense) and that Williams or third parties were responsible for the accident and injuries alleged (Sixth and Seventh Defenses). Further, Defendants have not repeatedly failed to cure deficiencies in their defenses. It is uncontested that these factors weigh in favor of allowing the amendment. Instead, Williams' argument challenges the sufficiency of the defendants' proposed defenses. Essentially, she argues that the motion should be denied as futile.

2. *Futility*

It is within the Court's discretion to deny a motion to amend if it is futile. Stripling v. Jordan Prod. Co., 234 F.3d 863, 873 (5th Cir. 2013). In determining whether a new claim is futile, the court considers whether the amended complaint would survive a Rule 12(b)(6) motion to dismiss. Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 872–73 (5th Cir. 2000). In the case of an affirmative defense, then, a motion for leave to amend is futile if the affirmative defense would not survive a motion to strike under Rule 12(f). The court notes that in some cases, courts have held that the issue of futility is better addressed not in consideration of the motion for leave to

5

amend, but by a subsequent dispositive motion. E.g., Tripp v. Pickens, No. 17-CV-0542, 2018 WL 3059614, at *3 (W.D. La. June 20, 2018) ("The court's ability to decide the viability of the claims at issue will benefit from full briefing within the context of a motion that is devoted to the substantive issues."); Reyes v. Topgolf Int'l, Inc., No. 3:17-CV-0883-L-BH, 2018 WL 704734, at *4 (N.D. Tex. Feb. 5, 2018) ("The issue of futility, however, is better addressed 'in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.'").

As to the pleading standard, Federal Rule of Civil Procedure 8(b) requires defenses be stated in "short and plain terms." Affirmative defenses[2] must be stated affirmatively. Fed. R. Civ. P. 8(c). The Fifth Circuit has held that "[a]n affirmative defense is subject to the same pleading requirements as is the complaint." Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999). The defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." Id. In that same case, the court of appeals observed that "in some cases, merely pleading the name of the affirmative defense . . . may be sufficient." Id.; see Am. Motorists Ins. Co. v. Napoli, 166 F.2d 24, 26 (5th Cir. 1948) (holding that under Rule 8, the affirmative defense contributory negligence is sufficiently plead if the defendant "simply states that complainant was guilty of contributory negligence").

In the case of fraud, Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "This Circuit's precedent interprets Rule 9(b) strictly, requiring the plaintiff to 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements

---

[2] "An affirmative defense 'raises a new matter, which assuming the allegations in the petition are true, constitutes a defense to the action.'" LSREF2 Baron, L.L.C. v. Tauch, 751 F.3d 394, 398 (5th Cir. 2014). (quoting Bienvenu v. Allstate Ins. Co., 2001-2248 (La. App. 4 Cir. 5/8/02), 819 So. 2d 1077, 1080) (internal citation omitted); Black's Law Dictionary (11th ed. 2019) (defining "affirmative defense" as "defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true.").

6

were made, and explain why the statements were fraudulent.'" Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp., 565 F.3d 200, 207 (5th Cir. 2009) (quoting Williams v. WMX Techs., Inc., 112 F.3d 175, 177 (5th Cir. 1997)). "Although scienter may be 'averred generally,' case law amply demonstrates that pleading scienter requires more than a simple allegation that a defendant had fraudulent intent. To plead scienter adequately, a plaintiff must set forth specific facts that support an inference of fraud." Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1068 (5th Cir. 1994). This standard "ensures the complaint 'provides defendants with fair notice of the plaintiffs' claims, protects defendants from harm to their reputation and goodwill, reduces the number of strike suits, and prevents plaintiffs from filing baseless claims then attempting to discover unknown wrongs.'" U.S. ex rel. Grubbs v. Kanneganti, 565 F.3d 180, 190 (5th Cir. 2009) (quoting Melder v. Morris, 27 F.3d 1097, 1100 (5th Cir. 1994)).

In Defendants' proposed amended Seventh Defense, they seek to add the following to the list of particular ways that the negligence of Williams or third parties allegedly caused the accident: "intentionally causing the subject incident/collision," "purposefully sideswiping the Cowan trailer," and "improper lane change." These defenses do not assume that the allegations in Williams' petition are true. They challenge the causation element of plaintiffs' claim. They are more properly characterized as defenses, and not affirmative defenses. Even if characterized as affirmative defenses, like the affirmative defense of contributory negligence, Defendants' proposed allegations provide Williams fair notice of how they intend to defend her claim for damages. Defendants' proposed amendment to their Seventh Defenses meets the pleading standard and the amendment is not futile.

Defendants describe their proposed Tenth Defense as the "affirmative defense of fraud." Defendants assert that Williams intentionally caused the accident. They cite ways in which this

accident is similar to other trucking accidents. They note that some of these other cases have been stayed pending a criminal investigation. But they provide no specific facts to support their theory that Williams intentionally caused the accident at issue in this case. When asserting an affirmative defense of fraud, the defendants' allegations must meet the heightened pleading standard of Rule 9(b). Their generic recitation of similarities to other accidents without any specific facts concerning Williams does not support an inference of fraudulent intent. The proposed Tenth Defense fails to meet the pleading standard required to assert the affirmative defense of fraud. Accordingly, as to this proposed amendment, Defendants' motion is futile.

## Conclusion

For the foregoing reasons, the Motion for Leave to Amend is GRANTED in part and DENIED in part; Defendants shall be allowed to file their Amended Answer into the record with their proposed changes to the Seventh Defense, however, the Amended Answer may not include the proposed Tenth Defense. Within seven days, Defendants shall file their Amended Answer into the record without the Tenth Defense.

New Orleans, Louisiana, this 15th day of August, 2019.

                                              Janis van Meerveld
                                        United States Magistrate Judge